IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00638-BNB

WILLIAM LEE LORNES THE 3RD,

     Plaintiff,

v.

RAIASS,
HARIASS,
MAJOR THEAN,
SARGEANT DORDY,
CRYSTINA WASHENBURG,

     Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, William Lee Lornes the 3rd, currently is incarcerated at the Denver Van Cise-Simonet Detention Center.  He submitted to the Court *pro se* an illegible Prisoner Complaint and an illegible Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  The Court reviewed the documents and determined they were deficient.  Therefore, on March 15, 2012, Magistrate Judge Boyd N. Boland directed Mr. Lornes to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The March 15 order pointed out that Mr. Lornes failed to submit a legible Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with an original signature and a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison

official.  Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  The March 15 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement.  The March 15 order also directed Mr. Lornes to submit a legible Prisoner Complaint with an original signature and addresses provided for each named Defendant.

The March 15 order warned Mr. Lornes that the action would be dismissed without prejudice and without further notice if he failed to cure the designated deficiencies within thirty days.  On March 15, Mr. Lornes filed a motion to dismiss (ECF No. 5) the criminal charges apparently pending against him in state court.  On April 5, 2012, Mr. Lornes filed three different amended complaints (ECF Nos. 11, 12, and 13). The Court has used the caption from the third amended complaint (ECF No. 13) as the caption for this order.  Also on April 5, Mr. Lornes submitted four § 1915 motions and affidavits, none of which contains a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official.  Finally, Mr. Lornes also submitted on April 5 a motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 18), and applications for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 19), and 28 U.S.C. § 2254 (ECF No. 20), none of which is appropriately filed in a § 1983 action.

Mr. Lornes has failed within the time allowed to cure all the deficiencies designated in the March 15 order.  Therefore, the action will be dismissed without

2

prejudice for failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Lornes files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended complaints (ECF Nos. 11, 12, and 13) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, William Lee Lornes the 3rd, within the time allowed, to cure the deficiencies designated in the order to cure of March 15, 2012.  It is

FURTHER ORDERED that the clerk of the Court use the caption from the third amended complaint (ECF No. 13), as the Court has done in this order, to designate the parties to this action.  It is

FURTHER ORDERED that the motions for leave to proceed *in forma pauperis* (ECF Nos. 3, 14, 15, 16, and 17) are denied.  It is

FURTHER ORDERED that the motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 18), and applications for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 19), and 28 U.S.C. § 2254 (ECF No. 20) are denied without prejudice.  It is

FURTHER ORDERED that any other pending motions are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this __23__<sup>rd</sup> day of __April_____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

4